FILED by ___ D.C.
ELECTRONIC
Dec. 23, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.:

GINA R. ORTIZ,

    Plaintiff,

**09-CV-82455-Marra/Johnson**

v.

FINANCIAL RECOVERY SERVICES, INC. AND
RESURGENT CAPITAL SERVICES, L.P.

    Defendant.

_____/

## COMPLAINT
### JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

### JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, FINANCIAL RECOVERY SERVICES, INC, placed telephone calls into this District on behalf of Defendant, RESURGENT CAPITAL SERVICES, L.P.

### PARTIES

3. Plaintiff, GINA R. ORTIZ, is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, FINANCIAL RECOVERY SERVICES, INC ("Financial Recovery") is a corporation and citizen of the State of Minnesota with its principal place of business at 4900 Viking Drive, Edina, Minnesota 55435.

5. Defendant, RESURGENT CAPITAL SERVICES, L.P ("Resurgent") is a limited partnership and a citizen of the State of South Carolina with its principal place of business at Suite 600, 15 South Main Street, Greenville, South Caroline 29601.

## FACTUAL ALLEGATIONS

6. Defendants sought to collect from Plaintiff an alleged debt arising from an alleged debt incurred for charges incurred at Home Depot for personal, family or household purposes.

7. After the alleged debt went into default, Defendant, Resurgent, acquired the alleged debt from the original creditor or a subsequent holder.

8. Defendant, Resurgent, assigned the debt for collection to other debt collectors including but not limited to, Defendant, Financial Recovery, who in turn sought to collect the alleged debt from Plaintiff.

9. Defendant, Financial Recovery, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10. Defendant, Resurgent, regularly uses the mail and telephone in a business, the principal purpose of which is the collection of debts.

11. Defendant, Financial Recovery, regularly collects or attempts to collect debts for other parties.

12. Defendant, Financial Recovery, is a "debt collector" as defined in the FDCPA.

13. Defendant, Resurgent, is a "debt collector" as defined in the FDCPA.

14. At all times material to the allegations of this complaint, Defendant, Financial Recovery, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

15. At all times material to the allegations of this complaint, Defendant, RESURGENT, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

16. Defendant, RESURGENT, authorized other debt collectors including but not limited to Defendant, FINANCIAL RECOVERY, to collect the alleged debt from Plaintiff by placing telephone calls and sending letters on its behalf to Plaintiff.

17. Other debt collectors including but not limited to Defendant, FINANCIAL RECOVERY, sent letters and placed telephone calls to Plaintiff in an effort to collect the alleged debt on behalf of RESURGENT.

3

18. By virtue of its status as a debt collector, RESURGENT, is vicariously liable to Plaintiff for FINANCIAL RECOVERY'S violations of the FDCPA. See <u>Pollice v. National Tax Funding, L.P.</u>, 225 F.3d 379, 405 (3d Cir. Pa. 2000); <u>McCorriston v. L.W.T., Inc.</u>, 2008 U.S. Dist. LEXIS 60006, 11-12 (M.D. Fla. Aug. 7, 2008); <u>Schutz v. Arrow Fin. Servs., LLC</u>, 465 F. Supp. 2d 872, 876 (N.D. Ill. 2006).

19. Defendant, FINANCIAL RECOVERY, left the following telephone messages on Plaintiff's voice mail at her place of employment on or about the dates stated:

<u>December 17, 2008</u>
This is an important message for Gina Ortiz. My name is (inaudible) with FRS. Please return my phone call today at 866-522-9394 and reach me at extension 3116. I have important information pertaining to your file SC3159 up to and including possible settlement option that needs your attention this evening. Again the number is toll free 866-522-9394. Thank you.

<u>February 4, 2009</u>
This confidential and important message is solely for Gina Ortiz. My name is Amy Fraiser. If you are not Gina, please do not listen to this message. There will be a brief pause before the remainder of this message. In the spirit of tax refund season we are making an attractive offer to settle accounts and you are eligible for (inaudible). The law requires I notify you I am calling from Financial Recovery Services, a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Gina, please contact me right away at 877-594-4476. When calling please refer to ID number SC3159. Thank you

<u>February 18, 2009</u>
This message for Gina Ortiz. If you are not Gina do not listen to this message (inaudible)Gina the law requires I notify you that I am calling from Financial Recovery Services a debt collect company, this an attempt to

4

collect a debt an any information obtain will be used for that purpose. Please return my call 866-460-1335, reference case number SC3159, Thank YOU

February 26, 2009
This confidential and important tax season message is meant solely for Gina Ortiz. This is Howie (inaudible). If you are not Gina do not listen to this message. There will be a short pause before the remainder of this message. Because it is tax refund season (inaudible) you are eligible for this offer. Law requires I notify you that I am calling from Financial Recovery Services Incorporated, a debt collection company, this an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back today 1-888-851-8674, to take advantage of this offer. When calling back please refer to file number SC3159, Once again my number 1-888-859-8674, Thank you.

April 16, 2009
This confidential and important message is for Gina Ortiz, This is Danielle if you are not Gina do not listen to this message, there will be a short pause before the reminder of this the message. The law requires I notify you that I am calling from Financial Recovery Services a debt collect company, this an attempt to collect a debt and any information obtained will be used for that purpose. Call me back 866-438-2060,. When calling in please refer to file number SC3159.

May 13, 2009
This is an important confidential call it is mentally for Gina Ortiz, My name is Christine, if you are not Gina Ortiz do not listen to the remainder of this message, there will be a pause. We have determine you are eligible receive a special settlement offer , the terms of this settlement offer is subject to change without further notice, so please return the call right away. An the law requires I notify you that I am calling from Financial Recovery Services a debt collect company, this an attempt to collect a debt and any information obtained will be used for that purpose. Gina please return the call back today 28665229396 to take advantage of this offer. When calling have Id code SC3159 available. Once again that number is 866-522-9396.

June 6, 2009
Yea Hey Gina how are you doing this Dave Devorack I'm leaving you a quick call with FRS, you must be pretty busy, where the last time I called your mail it was actually full, so I don't think you have collected all your

5

messages now, Hum when you get this give me a call back, my number here 877-475-8710 and file number when you call back here is SC3159, again my number 877-475-8710. Thanks a lot Gina, hope to talk to you today.

20. In addition to the foregoing telephone messages, Defendant, FINANCIAL RECOVERY, left other telephone messages for Plaintiff at her place of employment on other occasions. (Collectively, "the telephone messages").

21. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

22. Defendant, FINANCIAL RECOVERY, failed to inform Plaintiff in some of the messages of its name, that the communication was from a debt collector and failed to disclose the purpose of its messages.

23. Defendant, FINANCIAL RECOVERY, knew it was required to disclose its name, that it is a debt collector and the purpose of its communication in telephone messages to Plaintiff.

24. Plaintiff's co-workers (collectively, "the third-parties") heard Defendant's messages.

25. Plaintiff did not authorize Defendant to communicate with the third-parties.

26. No court authorized Defendant to communicate with the third-parties.

6

27. The third-parties had no legitimate business need for the information communicated in the telephone messages.

28. Defendant knew or had reason to know that the third-parties had no legitimate business need for the information communicated in the telephone messages.

29. The messages communicate information affecting Plaintiff's reputation.

30. Defendant knew or had reason to know that persons other than Plaintiff may hear its telephone messages left at Plaintiff's place of employment.

31. Defendant knew that third-parties hearing the telephone messages had no contractual or legal obligation to abide by any directive that only Plaintiff listen to the messages.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

32. Plaintiff incorporates Paragraphs 1 through 31.

33. Defendant, FINANCIAL RECOVERY, failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

7

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

34. Plaintiff incorporates Paragraphs 1 through 31.

35. Defendant, FINANCIAL RECOVERY, placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name that it is a debt collector and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

36. Plaintiff incorporates Paragraphs 1 through 31.

37. Defendant, FINANCIAL RECOVERY, caused Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT IV
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FDCPA

38. Plaintiff incorporates Paragraphs 1 through 31.

39. Defendant communicated with a third-party in connection with the collection of the alleged debt in violation of 15 U.S.C. §1692c(b).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

9

      c.      Such other or further relief as the Court deems proper.

## COUNT V
## UNAUTHORIZED COMMUNICATION WITH A THIRD-PARTY IN VIOLATION OF THE FCCPA

40. Plaintiff incorporates Paragraphs 1 through 31.

41. Defendant communicated information affecting Plaintiff's reputation to third-parties who had no legitimate business need for the information in violation of Fla. Stat. §559.72(5).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a.      Damages;

      b.      Attorney's fees, litigation expenses and costs of suit; and

      c.      Such other or further relief as the Court deems proper.

## COUNT VI
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42. Plaintiff incorporates Paragraphs 1 through 31.

43. Defendant, FINANCIAL RECOVERY, asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that FINANCIAL RECOVERY is a debt collector, or the purpose of its communications, when FINANCIAL RECOVERY knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendants' practices violate the FCCPA;

    d.    permanently injoining Defendants from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VII
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44.    Plaintiff incorporates Paragraphs 1 through 31.

45.    By failing to disclose its name, that it is a debt collector and the purpose of its communication, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, FINANCIAL RECOVERY willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

  c. declaring that Defendants' practices violate the FCCPA;

  d. permanently injoining Defendants from engaging in the complained of practices; and

  e. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 23 day of December, 2009.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By: _____
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

12

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I(a) PLAINTIFFS**

Gina M. Ortiz

**DEFENDANTS**

Financial Recovery Services, Inc. and Resurgent Capital Services, L.P.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **PALM BEACH**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842
FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000

ATTORNEYS (IF KNOWN)

09 cv 82455 - Marra - Johnson

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, **PALM BEACH**, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only)
(PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | ☐ 1 | ☐ 1 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case   15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

**NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 States Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 640 R.R. & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending B | ☐ 650 Airline Regs | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle / ☐ 380 Other Personnel Property Damage | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 850 Securities /Commodities /Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / **B PRISONER PETITIONS** ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment / ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights *A or B | | | ☒ 890 Other Statutory Actions* *A or B |
| ☐ 290 All Other Real Property | | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1. Original Proceeding   ☐ 2. Removed from State Court   ☐ 3. Remanded from Appellate Court   ☐ 4. Refiled   ☐ 5. Transferred from another district (specify)   ☐ 6. Multidistrict Litigation   ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A ☐ UNDER F.R.C.P.23   CLASS ACTION No   DEMAND $ N/A   ☐ Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See Instructions):   JUDGE   DOCKET NUMBER

DATE: December 22, 2009   SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No._____   Amount:_____
Date Paid: _____   M/ifp: _____

548 392